UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANTOS VASQUEZ,

                             **Plaintiff,**

     v.                                                  9:12-CV-0878
                                                                        (MAD/CFH)

HOOPER, et al.,

                             **Defendants.**
_____

**APPEARANCES:**

**SANTOS VASQUEZ**
**11-R-1987**
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff *pro se*

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

By Decision and Order of this Court, following review of the complaint filed by *pro se* Plaintiff Santo Vasquez, the Court held that the complaint was subject to dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See* Dkt. No. 8 ("December Order").[1] In light of his *pro se* status, Plaintiff was afforded

---

[1] Plaintiff was granted leave to proceed *in forma pauperis*. *See* Dkt. No. 8 at 1-2. In his amended complaint, Plaintiff notes that his *in forma pauperis* application was granted but states that he is "being billed $350 which [he] do[es] not have" and asks the Court to waive his court fee because he "cannot afford this fee." Plaintiff is advised that although his *in forma pauperis* application was granted based on his economic need, this does not permit him to proceed without ever paying the filing fee. Instead, it allows him to proceed without paying the $350 fee in full at the time of filing.

the opportunity to file an amended complaint if he wished to avoid dismissal of the action. *See id.* at 11-12.

Plaintiff's amended complaint is now before the Court for review. *See* Dkt. No. 9. For the reasons set forth below, the Court finds that the amended complaint fails to state a claim upon which relief may be granted by this Court. Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## II. DISCUSSION

**A.     Plaintiff's Original Complaint and the December Order**

As explained in the December Order, Plaintiff asserted claims for violations of his constitutional rights arising out of his confinement at Riverview Correctional Facility ("Riverview C.F.") and Gouverneur Correctional Facility ("Gouverneur C.F."). Plaintiff alleged that he was issued misbehavior reports on at least three separate occasions, that he was improperly denied merit time and good time, and that he was subjected to unconstitutional conditions of confinement. *See* Dkt. No. 8 at 4-5.

The Court analyzed Plaintiff's claims and found that they did not survive review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The Court noted that simply receiving a misbehavior report does not implicate constitutional conduct. *See* Dkt. No. 8 at 5. Moreover, Plaintiff's allegation that Defendant Hooper issued him a misbehavior report for "thinking out loud" was insufficient to implicate Plaintiff's First Amendment rights. *See id.* at 5-6. The Court also held that Plaintiff's Fifth Amendment Double Jeopardy rights were not violated when he was disciplined for "dirty urine" because he was unable to provide the requested sample. *See id.* at 6. The Court noted

that, in addition to the legal insufficiency of this claim, Plaintiff did not identify any Defendants responsible for the alleged misconduct. *See id.* at 7, n.8. The Court further held that Plaintiff's due process rights were not violated as a result of the denial of his merit time and loss of good time. *See id.* at 7-9. Finally, the Court found that Plaintiff's allegations regarding the conditions of his confinement were insufficient to state an Eighth Amendment claim. *See id.* at 9-11.

**B.     Plaintiff's Amended Complaint**

Plaintiff's amended complaint is now before the Court. In this pleading, Plaintiff adds the names of Defendants who he believes are responsible for the complained of actions, and adds a claim that he "feel[s] [he is] being racially profiled," but otherwise largely repeats the allegations from his original complaint. The legal standard governing the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A was discussed at length in the December Order and will not be restated here. *See* Dkt. No. 8 at 2-4.

Plaintiff repeats his allegations from the complaint that Defendant Hooper violated his First Amendment rights by "put[ting him] in Special Housing Unit" after Plaintiff said that Defendant Hooper "must be crazy" following a "disagreement." *See* Dkt. No. 9 at 1. As explained in detail in the December Order, to state a claim of retaliation under the First Amendment, a plaintiff must allege that the speech at issue was constitutionally protected and that the remarks were a substantial or motivating factor in the defendant's decision to take an adverse action. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). The allegations in Plaintiff's amended complaint do not plausibly suggest that the remarks were protected speech, or that his comment was a substantial or motivating factor in Defendant Hooper's decision,

3

especially when considered in light of the fact that Plaintiff acknowledges that he and Defendant Hooper "had a disagreement about [his] yard time." *See* Dkt. No. 9 at 1.

Plaintiff next complains that his Fifth Amendment rights were violated by C.O. Castello and C.O. Walker because they would not provide him the delays he requested to provide a urine sample, even though he told them he has a urine condition. *See* Dkt. No. 9 at 1. For the reasons set forth in the December Order, these factual allegations fall far short of plausibly suggesting a violation of rights protected by the Double Jeopardy Clause of the Fifth Amendment. As such, Plaintiff's Fifth Amendment claim will be dismissed.

Plaintiff also alleges that his constitutional rights were violated when he "was given another ticket which was the reason they gave [him] for not giving [him] a time cut which led to [him] having to do two extra months in the Box" and that he was taken to Special Housing Unit ("SHU") after being accused of committing lewd acts. *See id.* at 2. These allegations are substantially the same as those in his original complaint, though he has now identified Captain Decker and Officer Parker as the individuals he believes are responsible for these violations. The addition of these Defendants, however, does not change the fact that these due process claims are simply not legally cognizable claims. *See id.* at 7-9. Therefore, these claims will be dismissed.

Finally, Plaintiff alleges that he "feel[s] like [he is] being racially profiled" because "they keep putting [him] in the box." More specifically, Plaintiff asserts that A. Queensenburry gave him "a ticket cause [he] came out of medical and went to the nearest Messhall" and that R. Dietterick gave him "a ticket cause [he] went to Rec at 8 p.m." This is simply an attempt by Plaintiff to re-cast his dismissed claims that he should not have received misbehavior reports. To the extent that Plaintiff now attempts to allege that he was given false misbehavior reports because of his race, his allegations are

4

insufficient to plausibly suggest that his Equal Protection rights were violated. The Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). The Equal Protection Clause directs state actors to treat similarly situated persons alike. *See City of Cleburne,Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prove a violation of the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citations omitted). The plaintiff must also show that the disparity in treatment "cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not reasonably related to [any] legitimate penological interests." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (quoting *Shaw v. Murphy*, 532 U.S. 223, 225, 121 S. Ct. 1475 (2001) (internal quotation marks omitted)).

Plaintiff's conclusory allegation that he "feel[s] like [he is] being racially profiled" because he received two "tickets" that he does not feel he should have received, and was given time in the SHU as a result, are insufficient to plausibly suggest a violation under this standard.[2] Therefore, Plaintiff's

---

[2] In the alternative, under a "class of one" theory, a plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005). "'Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). "Accordingly, to
(continued...)

Fourteenth Amendment Equal Protection claim will be dismissed.

Based on the foregoing, the Court finds that the amended complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III. CONCLUSION

**WHEREFORE,** the Court hereby

**ORDERS** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: April 10, 2013
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2](...continued)
succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.'" *Id.* Plaintiff's conclusory allegations are insufficient to state a claim under this standard as well.